1 QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
2  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
3  evettepennypacker@quinnemanuel.com
555 Twin Dolphin Dr., 5th floor
4 Redwood Shores, CA 94065
Telephone: (650) 801-5000
5 Facsimile: (650) 801-5100
  Steven T. Gebelin (Bar No. 261507)
6  stevengebelin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
7 Los Angeles, California 90017-2543
Telephone: (213) 443 3000
8 Facsimile: (213) 443 3100

9 Attorneys for LinkedIn Corporation,
Match.com, LLC, Avalanche, LLC and
10 Overstock.com, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| GILDERSLEEVE HOLDINGS AG, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SPARK NETWORKS, INC., EHARMONY, INC., FACEBOOK, INC., LINKEDIN CORPORATION, MATCH.COM, LLC, AVALANCHE LLC, OVERSTOCK.COM, INC., MARKETRANGE, INC., HERE MEDIA, INC., LAVALIFE CORPORATION,<br><br>Defendants. | CASE NO. 2:10-CV-07084-PA -JCGX<br><br>DEFENDANTS LINKEDIN CORPORATION, MATCH.COM, LLC, AVALANCHE, LLC and OVERSTOCK.COM INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) |

02399.51771/3777084.3

CASE NO. 2:10-CV-07084-PA -JCGX
_____DEFENDANTS' MEMO. OF POINTS AND AUTH. ISO MOT. TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants LinkedIn Corporation, Match.com, LLC, Avalanche, LLC and Overstock.com, Inc. ("Defendants") respectfully submit this memorandum of law, pursuant to Federal Rule of Civil Procedure 12(b)(6), in support of their motion to dismiss the claims of indirect infringement alleged in the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Gildersleeve Holdings AG, LLC ("Plaintiff") on September 22, 2010.

## I.   INTRODUCTION

Plaintiff's Complaint alleges no facts whatsoever in support of its conclusory claim that Defendants have indirectly infringed the patent-in-suit, either by inducing another's infringement or by contributing to infringement by another party.  In lieu of pleading any specific facts, Plaintiff makes only the following one-sentence claim of indirect infringement:

> Upon information and belief, [Defendant] has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent via their website, in this district and elsewhere in the United States.

(Complaint, ¶¶ 21-24.)

This rote, threadbare assertion fails to provide the fair notice to Defendants regarding the conduct to be defended under Plaintiff's indirect infringement theories that Federal Rule of Civil Procedure 8(a)(2) and Supreme Court precedent require. Specifically, the conclusory indirect infringement allegation fails to allege: (i) the identity of any third party purportedly induced by Defendants to infringe; (ii) that Defendants *knowingly* induced such third parties to act; (iii) that Defendants had a *specific intent* to encourage infringement; (iv) how Defendants purportedly contributed to any other person or entity's infringement; (v) the purported infringing combination of which Defendants' websites were a component; or (vi) Defendants' knowledge that the purportedly infringing combination was patented and infringing.

02399.51771/3777084.3

-1-    CASE NO. 2:10-CV-07084-PA -JCGX
DEFENDANTS' MEMO.  OF POINTS AND AUTH. ISO MOT.  TO DISMISS PURSUANT TO FED. R. CIV. P.  12(b)(6)

The total absence of supporting facts renders Plaintiff's indirect infringement claims wholly deficient and, as such, requires that Plaintiff's Complaint be dismissed.

## II. BACKGROUND

**Plaintiff's Inadequate Allegations.** Plaintiff, which claims to be the exclusive licensee of the patent-in-suit with the right to sue for infringement and to recover past damages (*see* Complaint, ¶ 1 & Exh. A), filed the Complaint against Defendants on September 22, 2010. The sole asserted patent, titled "Method and Apparatus for Viewer-Specific Presentation of Information," is United States Patent No. 7,000,183 (the " '183 patent"). Plaintiff alleges that Defendants' websites directly infringe the '183 patent. (Complaint, ¶¶ 21-24.) Further, Plaintiff claims that Defendants are liable for indirect infringement because they have allegedly "contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent via their website, in this district and elsewhere in the United States." *Id*.

**Pre-Motion Conference.** On November 15, 2010, counsel for Defendants met and conferred with counsel for Plaintiff regarding deficiencies in Plaintiff's Complaint and Defendants' intention to file a motion to dismiss the Complaint. Counsel further met and conferred on November 19, 2010, at which time counsel for Defendants specifically raised the deficient allegations of contributory and induced infringement with Plaintiff's counsel. Plaintiff did not agree to withdraw the Complaint for the purpose of amending it to attempt to correct these deficiencies. Thus, Defendants bring this motion to dismiss.

## III. ARGUMENT

### A. Plaintiff's Indirect Liability Claims Do Not Meet Rule 8(a)(2)'s Minimum Pleading Standard.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds

upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 48, 78 C. Ct. 99, 2 L.Ed.2d 80 (1957)). Explaining the legal standard for judging the sufficiency of a complaint against Rule 8, the Supreme Court in *Twombly* stated that pleading more than just "labels and conclusions" is required to disclose the necessary "grounds." The Court further explained that "a formulaic recitation of the elements of a cause of action will not do." *Id*. Thus, Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 173 L.Ed.2d 868 (2009) (citations omitted).

The Supreme Court has adopted a two-step approach to determine whether a complaint complies with Rule 8. *See Iqbal*, 129 S.Ct. at 1950. First, the court identifies mere legal conclusions within the complaint and disregards them because they are not to be taken as true in the context of a motion to dismiss. *Id.* at 1949-50. Second, the court takes the remaining non-conclusory factual allegations (the "nub" of the complaint) and determines whether those allegations, standing alone, suffice to state a plausible claim for relief. *Id.*

The Rule 8 standard applies to claims of patent infringement, including claims of indirect or contributory infringement. *See Elan Microelectronics Corp. v. Apple, Inc.*, No. 9-CV-01531, 2009 WL 2972374, at *2 (N.D. Cal. May 21, 2010) ("in the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*"); *see also Tseng v. Marukai Corp. U.S.A.*, No. SACV 09-0968. 2009 WL 3841933, at *1 (C.D. Cal. November 13, 2009) (plaintiff's allegations that the "defendants were selling goods that infringe upon Plaintiff's . . . patent," without more, were "too conclusory to support a claim under *Twombly* and *Iqbal*.").

### B. The Complaint Fails to Plead Indirect Infringement.[1]

The Complaint alleges that each defendant "has [] contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent via their website, in this district and elsewhere in the United States." Plaintiff alleges nothing further in support of this indirect infringement claim. Stripping away the bare conclusions, there are simply no allegations remaining that are sufficient to state a claim for inducement of infringement or contributory infringement. This deficiency requires dismissal of Plaintiff's indirect infringement claims.

#### 1. The Complaint fails to allege induced infringement.

Induced infringement "requires … direct infringement by *another* entity, and that this direct infringement be actively induced by the [defendant]." *Halton Co. v. Streivor*, No. C 10-100655, 2010 WL 2077203, at *2 (N.D. Cal. May 21, 2010) (emphasis in original; internal quotations omitted). To adequately plead induced infringement, the plaintiff must allege that the defendant "*knowingly* induced infringement and possessed *specific intent* to encourage another's infringement." *Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. 09-CV-03524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) (emphasis added) (citing *ACCO Brands, Inc. v. ABA Locks Mfr. Co, Ltd..*, 501 F.3d 1307, 1312 (Fed. Cir. 2007)).

Plaintiff's allegation of induced infringement does not meet this pleading standard. First, Plaintiff has failed to identify any third-party that was allegedly induced to infringe by Defendants, instead stating only that unspecified "others"

---

[1] Although Defendants' motion to dismiss is not directed to Plaintiff's claims of direct infringement, Defendants do not concede that they are legally sufficient. Defendants reserve and do not waive any and all rights to challenge the sufficiency and substance of Plaintiff's direct infringement claims.

were induced.  *See Eolas Technologies, Inc. v. Adobe Systems, Inc.*  No. 6:09-CV-446, 2010 WL 2026627, *1-3 (E.D.Tex. May 6,2010) (granting motion to dismiss indirect infringement claim where plaintiff failed to "identify a direct infringer"); *see also Technology Licensing Corp. v. Technicolor USA, Inc.*, No. 2:03-CV-1329, 2010 WL 4070208, at *3 (E.D. Cal. October 18, 2010) (dismissing indirect infringement claims where plaintiff did not allege third-party direct infringement, an allegation "required for success on both indirect claims").  Moreover, Plaintiff's threadbare and conclusory active inducement allegation fails to allege any facts showing (i) that Defendants *knowingly* induced another entity or individual to infringe the patent-in-suit; or (ii) that Defendants had any specific intent to encourage another's inducement – both of which are required showings for an induced infringement claim.  Because Plaintiff has not alleged even one fact that could support induced infringement, the Complaint should be dismissed.  *See Technology Licensing Corp*, 2010 WL 4070208, at *3 ; *see also AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (granting motion to dismiss complaint, which alleged only that defendant had indirectly infringed plaintiff's patent "by contributing to or inducing direct infringements of the [ ] Patent"); *Weyer v. Myspace, Inc.,* No. 2:10-cv-00499-MRP-FFMx*, slip op.* (C.D. Cal. June 17, 2010) (granting motion to dismiss where complaint alleged merely that defendant had infringed "by active inducement").

### 2.     The complaint fails to allege contributory infringement.

Plaintiff's claim of contributory infringement fails as well.  A party is liable for *contributory* infringement only if it "offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention," while knowing the component is "especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce

suitable for substantial noninfringing use." 35 U.S.C. § 271(c).  Thus, to succeed on a claim of contributory infringement, a plaintiff must plead and prove "that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal quotations omitted).

The Complaint fails to allege any of the facts required to support a claim for contributory infringement, namely: (i) how Defendants contributed to another party's direct infringement; (ii) any purported combination of which Defendants' accused websites were made to be a component; and (iii) Defendants' knowledge that some combination for which their websites were especially made was both patented and infringing.  These deficiencies mandate that the Complaint be dismissed.  *See Halton Co. v. Streivor, Inc.*, No. 10-CV-00655, 2010 WL 2077203, at *2 (N.D. Cal. May 21, 2010) (dismissing contributory infringement claim where "there was no allegation . . . that the accused [device] was a 'component of a patented machine . . . constituting a material part of the patented invention' or that the accused produced was not capable of 'substantial noninfringing use'.") (*quoting* 35 U.S.C. § 271(c)).

**C.     The Appropriate Remedy Is Dismissal of the Complaint.**

Supreme Court precedent teaches that the practical significance of requiring more than threadbare pleadings at the complaint stage is to provide a judicial safeguard against the use of sparse complaints to inflict the massive costs of discovery on the defendant.  A complaint must allege something more than a "mere possibility" of harm to prevent a plaintiff with a "largely groundless claim" from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 557-58, 127 S.Ct. at 1966-67, 167 L.Ed.2d 929, (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)).  Courts

enforcing Rule 12(b)(6) curtail this risk by weeding out complaints that fail to give rise to even a plausible inference of harm to plaintiffs caused by conduct of the defendants. Because Plaintiff's Complaint is devoid of any factual allegations supporting its claim of indirect infringement, dismissal is the appropriate remedy here.

## IV. CONCLUSION

Because of its failure to adequately plead inducement of infringement or contributory infringement, the claims of indirect patent infringement in Plaintiff's Complaint should be dismissed.

DATED: November 24, 2010   QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ Claude Stern
Claude M. Stern
Attorneys for LinkedIn Corporation, Match.com, LLC, Avalanche, LLC and Overstock.com, Inc.