1 | STEVEN W. RITCHESON, ESQ (SBN 174062)
White Field, Inc.
2 | 9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
3 | Telephone: (818) 882-1030
Facsimile: (818) 337-0383
4 | swritcheson@whitefieldinc.com

5 | Attorneys for Plaintiff, GILDERSLEEVE HOLDINGS AG, LLC

FILED

2010 DEC -6 PM 3:17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| GILDERSLEEVE HOLDINGS AG, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LINKEDIN CORPORATION, MATCH.COM, LLC, AVALANCHE, LLC, OVERSTOCK.COM, INC., MARKETRANGE, INC., HERE MEDIA, INC., <br><br> Defendants. | Case No. 10-cv-07084 PA (JCGx) <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **Jury Trial Demanded** <br><br> BY FAX |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Gildersleeve Holdings AG, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Linkedin Corporation, Match.com, LLC, Avalanche, LLC, Overstock.com, Inc., MarketRange, Inc., and Here Media, Inc. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 7,000,183 entitled *"Method And Apparatus For Viewer-Specific Presentation Of Information"* (the "'183 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 1224 Mill Street, Building B, Suite 212, East Berlin, Connecticut 06023. Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Linkedin Corporation, ("Linkedin") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2029 Stierlin Court, Mountain View, California 94043.

4. Upon information and belief, Match.com, LLC, ("Match") is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 8300 Douglas Avenue, Suite 800, Dallas, Texas 75225.

5. Upon information and belief, Avalanche, LLC, ("Avalanche") is a limited liability organized and existing under the laws of the State of Florida, with its principal place of business located at 1691 Michigan Avenue, Suite 410, Miami Beach, Florida 33139.

6. Upon information and belief, Overstock.com, Inc., ("Overstock") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6350 South 3000 East, Salt Lake City, Utah 84121.

7. Upon information and belief, MarketRange, Inc., ("MRI") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 3855 Monte Villa Parkway, #110, Bothell, Washington 98021-6942.

8. Upon information and belief, Here Media, Inc., ("HMI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 8411 Preston Road, Suite 650, Dallas, Texas 75225.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. The Court has personal jurisdiction over each Defendant because: each Defendant is present within or has minimum contacts with the State of California and the Central District of California; each Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; each Defendant has sought protection and benefit from the laws of the State of California; each Defendant regularly conducts business within the State of California and within the Central District of California; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of California and in the Central District of California.

11. More specifically, each Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of California, and the Central District of California. Upon information and belief, each Defendant has committed patent infringement in the State of California and in the Central District of California, has contributed to patent infringement in the State of California and in the Central District of

California, and/or has induced others to commit patent infringement in the State of California and in the Central District of California. Each Defendant solicits customers in the State of California and in the Central District of California. Each Defendant has many paying customers who are residents of the State of California and the Central District of California and who each use each of the respective Defendant's products and services in the State of California and in the Central District of California.

12. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I – PATENT INFRINGEMENT

13. The '183 patent was duly and legally issued by the United States Patent and Trademark Office on February 14, 2006, after full and fair examination for systems and methods for secure messaging on an insecure network. Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants, and possesses all rights of recovery under the '183 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

14. Upon information and belief, Linkedin has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.linkedin.com. More particularly, Plaintiff is informed and believes that Linkedin has and updates and/or requires and/or directs users of the Linkedin website to use and update a database of metadata defining a predetermined plurality of viewer states in the manner claimed in the '183 Patent.

15. Upon information and belief, Match has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.match.com. More particularly, Plaintiff is informed and believes that Match has and

updates and/or requires and/or directs users of the Match website to use and update a database of metadata defining a predetermined plurality of viewer states in the manner claimed in the '183 Patent.

16. Upon information and belief, Avalanche has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, secure messaging systems and methods that embody the patented invention, including via the website http://www.matchmaker.com. More particularly, Plaintiff is informed and believes that Avalanche has and updates and/or requires and/or directs users of the matchmaker website to use and update a database of metadata defining a predetermined plurality of viewer states in the manner claimed in the '183 Patent.

17. Upon information and belief, Overstock has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, secure messaging systems and methods that embody the patented invention, including via the website http://www.overstock.com. More particularly, Plaintiff is informed and believes that Overstock has and updates and/or requires and/or directs users of the overstock.com website to use and update a database of metadata defining a predetermined plurality of viewer states in the manner claimed in the '183 Patent.

18. Upon information and belief, MRI has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, secure messaging systems and methods that embody the patented invention, including via the website http://www.perfectmatch.com. More particularly, Plaintiff is informed and believes that MRI has and updates and/or requires and/or directs users of the perfectmatch website to use and update a database of metadata defining a predetermined plurality of viewer states in the manner claimed in the '183 Patent.

19. Upon information and belief, HMI has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, secure messaging systems and methods that embody the patented invention, including via the website http://www.gay.com. More particularly, Plaintiff is informed and believes that HMI has and updates and/or requires and/or directs users of the gay.com website to use and update a database of metadata defining a predetermined plurality of viewer states in the manner claimed in the '183 Patent. Upon information and belief, HMI has also contributed to the infringement of one or more claims of the '183 patent, and/or actively induced others to infringe one or more claims of the '183 patent via their website, in this district and elsewhere in the United States.

20. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

21. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Defendants' infringement of Plaintiff's exclusive rights under the '183 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

23. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '183 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That, should one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '183 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Dated: December 6, 2010

Respectfully submitted,
**WHITE FIELD, INC.**

_____
Steven W. Ritcheson,
Attorney for Plaintiff
GILDERSLEEVE HOLDINGS AG, LLC

6
**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
Case No. 10-cv-07084 PA (JCGx)